# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDSTEIN & LOGGIA, CPA'S, LLC, | Civil Action No.: 3:22-cv-05288-PGS-RLS |
| *Plaintiff*, | |
| v. | **MEMORANDUM AND ORDER** |
| ALAN T. SCHIFFMAN, CPA, PC, | |
| *Defendant*. | |

This matter is before the Court on Goldstein & Loggia, CPA's LLC's ("G&L") application for an order to show cause seeking several equitable remedies, including a temporary restraining order, accounting and appointment of a special master. (ECF No. 6). G&L commenced this action against Alan T. Schiffman, CPA, PC ("ATS") by way of a verified complaint alleging six counts against ATS stemming from its alleged breach of the Asset Purchase Agreement and Independent Contractor Agreements. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

In opposition to the above causes of action, ATS asserts that this Court lacks subject matter jurisdiction. (ECF No. 8). The parties agree that the amount in controversy exceeds $75,000, however, they diverge on whether there is complete diversity. G&L, a citizen of New Jersey, asserts that ATS is a citizen of Florida.

1

Conversely, ATS asserts it is a citizen of New Jersey, and therefore, complete diversity does not exist as required by 28 U.S.C. § 1332(a).

On September 19, 2022, the Court held an evidentiary hearing to examine the limited issue of whether the Court has subject matter jurisdiction over this action. At the hearing, there were two witnesses. Aaron Goldstein ("Mr. Goldstein"), on behalf of G&L, testified that ATS is a resident of Florida, where its principal resides; and Alan T. Schiffman ("Mr. Schiffman"), on behalf of ATS, testified that he, and ATS by implication, is a resident of New Jersey.

When addressing the credibility of witnesses, I utilize the instructions set forth in the Third Circuit Model Civil Jury Charge (2020) (the "Model Instructions"). More particularly, I reviewed sections 1.7 Credibility of Witnesses and 1.5 Evidence in the Model Instructions. With this background, the findings of fact and conclusions of law follow.

## I.

"One of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred upon a court by consent of the parties." *Gosa v. Mayden*, 413 U.S. 665, 707 (1973) (citations omitted); *Nederland Shipping Corp. v. United States*, 18 F.4th 115, 127 (3d Cir. 2021). A corporation's principal place of business is its "nerve center, usually its main headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). It is the single place "where the corporation's high

level officers direct, control, and coordinate the corporation's activities." *Id.* Under the *Hertz* test, courts look to the location of a corporation's "center of overall direction, control, and coordination." *Id.* at 96; *see DeLuca v. Allstate New Jersey Ins. Co.*, No. CIV.A. 11-4129, 2011 WL 3794229, at *3 (D.N.J. Aug. 25, 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006)). Diversity jurisdiction is assessed on the date the complaint is filed. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 414 n. 2 (3d Cir.1999)).

## II.

The Court finds the following facts.

1.      G&L is an accounting firm and limited liability company organized under the laws of the State of New Jersey. G&L's principal place of business is in Manalapan, New Jersey. (T. 5:19-20[1]). All its members are citizens of the State of New Jersey.

---

[1] Transcript citations refer to the September 19, 2022 evidentiary hearing.

2.      ATS is an accounting firm and professional corporation incorporated under the laws of the Commonwealth of Pennsylvania. (T. 15:16-16:1; Ex. P-6). It has one shareholder and one employee, Alan T. Schiffman. (T. 48:20-23).

3.      ATS's business card lists addresses in Brielle, New Jersey and Naples, Florida. (T. 52:7-53:9; Ex. D-2). ATS's website, www.alantschiffman.com, also lists addresses in Brielle, New Jersey and Naples, Florida. (T. 53:10-25; Ex. D-2). ATS's email domain name is "@naplesCPA.net." (T. 7:3-8:6; Ex. P-1).

4.      Some ATS documents list four locations from which ATS conducts business. Those locations are Brielle, New Jersey; Naples, Florida; Lenox, Massachusetts; and Richmond, California. (T. 22:12-23; 35:17-38:18, P-9). One is an undeveloped lot. (T. 35:22-25). The other three are premises where Mr. Schiffman or his family resides. (T. 35:17-21). So according to Mr. Schiffman, ATS's nerve center changes wherever he resides.

5.      In 2019, ATS filed a federal tax return using its Naples, Florida address. (Ex. P-2). In 2019, ATS filed a state tax return in Florida. (Ex. P-3). ATS has never filed a state tax return in New Jersey. (T. 35:7-9).

6.      As noted above, Mr. Schiffman is the sole principal and employee of ATS. Mr. Schiffman has residences in Naples, Florida and Brielle, New Jersey, which are also ATS's business addresses. (T. 7:3-8:4; Ex. P-1).

7.      Mr. Schiffman holds a Florida driver's license, is registered to vote in Florida, receives mail at his Florida residence, and he files his individual federal tax return using his Florida address. (T. 33:19-34:7; 55:1-10; 58:2-9; 60:13-25).

8.      In response to questioning concerning Mr. Schiffman's filing of federal tax returns for himself and ATS using the Naples, Florida address, Mr. Schiffman stated "I can always rely upon the forwarding of mail from [Naples] . . . . But when I use [Brielle], it may take two months before I get a piece of mail." (T. 55:1-10).

9.      Mr. Schiffman is licensed as a certified public accountant ("CPA") in New Jersey and Pennsylvania. (T. 60:1-5). The address listed on Mr. Schiffman's CPA registration with the New Jersey Division of Consumer Affairs is Naples, Florida. (Goldstein Suppl. Decl., Ex. C). Mr. Schiffman does not have a CPA license in Florida, although he has applied for one. (T. 59:24-60:5).

10.      Neither ATS nor Mr. Schiffman appear in the Business Entity Status Report within the Business Records Service of the New Jersey Department of the Treasury Division of Revenue and Enterprise Services ("Treasury"). (T. 16:11-17:18; Ex. P-4). A business name search on the Treasury's website, does not find ATS as a result. (T. 18:7-17; Ex. P-5). A Pennsylvania business search shows ATS as an active professional corporation and its president and secretary, Mr. Schiffman, as having a Naples, Florida address. (T. 15:16-16:1; Ex. P-6).

11.     On January 25, 2022, G&L and ATS entered into an Asset Purchase Agreement (the "Agreement") whereby ATS sold its accounting client list and assets related to its accounting practice to G&L. The Agreement has an effective date of January 24, 2022. (Ex. P-1).

12.     The Agreement refers to ATS as the "Seller," and identifies ATS as having locations in Naples, Florida and Brielle, New Jersey. (*Id.*).

13.     The Agreement contains a "Governing Law; Venue" provision which states, in part, "Each party irrevocably submits to the exclusive jurisdiction and venue of the federal and state courts located in the County of Monmouth in any legal suit, action, or proceeding arising out of or based upon this Agreement." (*Id.* at § 27).

14.     In connection with the work to be performed under the Agreement, G&L installed a remote server and telephone at ATS's location in Naples, Florida. (T. 10:7-25). On the other hand, no equipment was installed at ATS's Brielle, New Jersey location. (*Id.*).

15.     G&L mailed checks to ATS at its Naples, Florida location until Mr. Schiffman returned to New Jersey in May 2022. (T. 25:23-26:7). During the summer months, Mr. Schiffman leaves his Naples residence and spends time at his Brielle residence. (T. 34:21-35:3).

16.     Following the execution of the Agreement, ATS prepared certain letters and documents to and on behalf of clients. Three client letters, dated February 8, 2022, February 9, 2022, and August 29, 2022 (Exs. P-7, P-8, P-16) from ATS that were entered into evidence show the Naples address in their letterheads. The signature field in two of those letters list Mr. Schiffman's name and Naples, Florida directly underneath. (Exs. P-7, P-16).

17.     Additionally, an unsigned Power of Attorney and Declaration of Representative form (Ex. P-15) and two Independent Auditor's Reports, dated April 25, 2022 and June 22, 2022, that were prepared by ATS list only the Naples, Florida location. (Exs. P-12, P-14). The June 22, 2022 Independent Auditor's Report was submitted to the United States Securities and Exchange Commission as part of a securities filing for a client, and it notes ATS's address as Naples, Florida. (T. 43:7-44:20; Ex. P-14).

18.     A January 31, 2022 engagement letter from ATS lists only the Brielle, New Jersey location in the letterhead, however, the signature field references Naples, Florida. (T. 31:8-32:25; Ex. D-1, Ex. C to the Verified Complaint).

**III.**

The Court finds the following conclusions of law.

1.      The facts before the Court weigh more heavily in finding that ATS's nerve center is in Naples Florida, and thus, ATS is a citizen of Florida for purposes of diversity jurisdiction.

2.      The Agreement's "Governing Law; Venue" provision is not determinative of this outcome because an agreement between the parties to submit to jurisdiction does not confer subject matter jurisdiction upon a court. *See Nederland Shipping Corp. v. United States*, 18 F.4th 115, 127 (3d Cir. 2021).

3.      During the evidentiary hearing the following facts were developed:

    a.  Mr. Schiffman holds a Florida driver's license. (T. 33:25-34:7).

    b.  Mr. Schiffman is registered to vote in Florida. (T. 33:19-22).

    c.  Mr. Schiffman files his individual tax returns in Florida and receives mail in Florida. (T. 55:1-10; 58:2-9; 60:13-25).

    d.  Although Mr. Schiffman is not licensed as a CPA in Florida, his New Jersey and Pennsylvania CPA licenses are linked to a Florida address. (T. 59:24-60:5).

4.      The facts above lead to the conclusion that Mr. Schiffman is a citizen of Florida. As the sole principal and employee of ATS, the state of Mr. Schiffman's citizenship is circumstantial proof that ATS's principal place of business is Naples, Florida because Mr. Schiffman singularly directs, controls and coordinates ATS. (T. 48:20-23). *See Hertz*, 559 U.S. at 80.

5.     Moreover, ATS is not registered as an accounting firm in New Jersey. A Pennsylvania business search of ATS shows it as having a Florida location. (T. 15:16-16:1; Ex. P-6).

6.     ATS filed its 2019 state tax returns in Florida and its 2019 federal tax returns with a Florida address. (Exs. P-2, P-3). Notably, ATS has never filed a New Jersey state tax return. (T. 35:7-9).

7.     The domain of ATS's email expressly references Naples, Florida. (T. 7:3-8:6; Ex. P-1).

8.     While the Asset Purchase Agreement, ATS's business card and ATS's website list Florida and New Jersey locations, and client letters and filings prepared by ATS list conflicting addresses, the common denominator among all the evidence is Florida.

9.     When determining the credibility of facts, jurors are instructed to consider several factors, including those that bear on believability. *See* Model Instructions § 1.7. Jurors are to use their common sense and experience in assessing the evidence. *Id* at § 1.5. Here, my common sense and experience lead to the conclusion that Mr. Schiffman, like many well-to-do New Jerseyans, resides in Florida and operates ATS from that location in order to avoid New Jersey's high income and estate taxes. This is a more pressing reason than prompt mail delivery.

10.     Despite finding that Mr. Schiffman spends part of the year performing work for ATS in New Jersey, for jurisdictional purposes, a company's nerve center is a single place. *Hertz*, 559 U.S. at 80. For ATS, that place is Florida.[2]

## ORDER

**THIS MATTER** having come before the Court on Goldstein & Loggia, CPA's LLC's ("Plaintiff") order to show cause (ECF No. 6) and Alan T. Schiffman, CPA, PC's ("Defendant") opposition seeking to dismiss for lack of subject matter jurisdiction and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits presented therein; and for good cause shown:

**IT IS** on this 13th day of October 2022,

**ORDERED** that the motion to dismiss for lack of subject matter jurisdiction is **DENIED**; and it is further

**ORDERED** that the parties shall appear in-person before the Court on October 17, 2022 at 1:30 PM for oral argument on Plaintiff's order to show cause.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

[2] While Mr. Schiffman may seek to change his domicile in the aftermath of Hurricane Ian, diversity jurisdiction is determined as of the date the complaint was filed.